IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUETTA L. CLAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00269-G-BT |
| | § | |
| AMAZON.COM SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff JacQuetta Clayton's Motion for Default Judgment (ECF No. 13), Motion to Strike (ECF No. 16), and Motion for Hearing to Enter Default Judgment (ECF No. 19). For the following reasons, the Court should DENY Clayton's Motion for Default Judgment (ECF No. 13) and Motion to Strike (ECF No. 16). Accordingly, the Court should TERMINATE AS MOOT Plaintiff's remaining Motion for Hearing to Enter Default Judgment (ECF No. 19).

### *Background*

Clayton, who is proceeding *pro se* and *in forma pauperis*, initiated this civil action seeking to vacate an arbitration award dismissing her negligence claims against Amazon.com Services, LLC (Amazon) due to "evident partiality, procedural misconduct, and the failure of Amazon to adhere to the required arbitration procedures." Compl. at 1 (ECF No. 3); *see also id.* at 33–40 (final arbitration award). On April 3, 2025, the United States Marshals Service

1

effectuated service of process on Amazon. Business Reply Card (ECF No. 11); Proof of Service (ECF No. 12). After failing to timely respond to the complaint, Clayton moved for default judgment against Amazon on May 19, 2025. *See generally* Mot. for Default J. (ECF No. 13). Shortly thereafter, Amazon filed an answer asserting affirmative defenses to Clayton's claims (ECF No. 14) and a response to Clayton's Motion for Default Judgment (ECF No. 17). Clayton then moved to strike Amazon's answer and affirmative defenses as untimely (ECF No. 16).

### *Legal Standard and Analysis*

#### *Default Judgment*

Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. Three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office, and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will enter a default when the party's default is established by an affidavit or otherwise. *Id.* (citing Fed. R. Civ. P. 55(a)). After the entry of default, a plaintiff may apply to the court for a default judgment. *Id.* "A party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam).

Here, Clayton is not entitled to a default judgment. The Clerk never entered default against Amazon. *Hunsinger v. Multi Hous. Tr. LLC*, 2021 WL 3930040, at

*2 (N.D. Tex. Aug. 5, 2021) (Horan, J.) ("[Plaintiff's] failure to obtain an entry of default against the defendant is reason alone to deny his request for default judgment."); *Coleman v. FEMA*, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019) (Ramirez, J.) ("Without a prior entry of default, a party has no basis to seek a default judgment."), *adopted by* 2019 WL 2123539 (N.D. Tex. 2019) (Lynn, J.); *Lucas v. Ocwen Home Loan Serv.*, 2015 WL 2152772, at *3 (N.D. Tex. May 7, 2015) (Fish, J.) ("Because no default has been entered . . . Plaintiff cannot satisfy the second requirement for a default judgment[.]"). As Clayton failed to meet the procedural requirements to obtain a default judgment, her Motion should be denied.

Although Amazon admits that it failed to timely respond to Clayton's complaint, that admission alone does not entitle Clayton to a default judgment. *See Abor v. Planet Home Lending LLC*, 2024 WL 4920767, at *2 (N.D. Tex. Oct. 29, 2024) (McKay, J.) ("[E]ven if the answer was filed late, 'a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'") (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam)), *adopted by* 2024 WL 5240160 (N.D. Tex. Dec. 27, 2024) (Boyle, J.); *Youngs v. Haugh*, 2009 WL 10705239, at *1 (N.D. Tex. Feb. 24, 2009) (Means, J.) ("[A]lthough a technical default occurred in this case, it does not warrant a default judgment."). Amazon has now appeared in this action and asserted affirmative defenses to Clayton's claims. And default judgments are "a drastic remedy" generally disfavored by the Federal Rules. *Lewis*, 236 F.3d at 767 (quoting *Sun*

3

*Bank of Ocala v. Pelican Homestead and Savings Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989)).

In view of the damages sought by Clayton, the parties' disagreement on material facts related to vacatur of the arbitration award, and the strong policy favoring decisions on the merits, default judgment is not warranted in this case. *See* Compl. at 6–7 (ECF No. 3) (seeking over $1 million in damages); Def.'s Resp. at 6 (ECF No. 17) (highlighting Clayton's requested damages and issues of material fact); *Stelax Indus., Ltd. v. Donahue,* 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (Lynn, J.) (considering "the amount of money at stake, the possibility of dispute concerning material facts, and the strong policy favoring decisions on the merits" when denying motion for default judgment). Thus, the Court should DENY Clayton's Motion for Default Judgment.

*Motion to Strike*

Clayton also moves to strike Amazon's answer as untimely and improper. *See* Mot. to Strike at 2, ¶ 4 (ECF No. 16).[1] Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike a defense are generally disfavored." *Priester v. Long Beach Mort. Co.,* 2018 WL 1833255, at *4 (E.D. Tex. Jan. 23, 2018) (citing *Kaiser*

---

[1] Although Clayton does not cite to any federal authority in her Motion to Strike, the Court liberally construes her motion having been brought under Federal Rule of Civil Procedure 12(f). *See Collins v. Dall. Leadership Found.,* 77 F.4th 327, 330 (5th Cir. 2023) (liberally construing filings of *pro se* litigant).

4

*Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)); *see also S.E.C. v. Cuban*, 798 F. Supp. 2d 783, 787 (N.D. Tex. 2011) ("Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.") (quoting *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 F. App'x 483 (5th Cir. 2008)). However, a court may grant a motion to strike a defense if the defense is legally insufficient, irrelevant, or prejudicial. *Priester*, 2018 WL 1833255, at *4 (citing *Kaiser*, 677 F.2d at 1057 and *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)). The decision whether to grant a motion to strike is within the court's discretion. *Cuban*, 798 F. Supp. 2d at 787.

The Court finds no reason to strike Amazon's answer and defenses under Federal Rule of Civil Procedure 12(f). Amazon asserts the defenses of *res judicata* and collateral estoppel. Answer at 6 (ECF No. 14). These defenses bear a relation to Clayton's claims. *See Bridgestone Am. Tire Operations, LLC v. Speedways Tyres Ltd.*, 2023 WL 5105776, at *4 (N.D. Tex. Aug. 9, 2023) (Pittman, J.) ("A court should only grant a motion to strike 'when the pleading to be stricken has no possible relation to the controversy.'") (quoting *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012)). Further, Amazon's defenses contain enough factual particularity to give Clayton fair notice. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[A] defendant . . . must plead an affirmative defense with

enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."). Therefore, the Court should DENY Clayton's Motion to Strike.

### *Recommendation*

For the foregoing reasons, the Court should DENY Clayton's Motion for Default Judgment (ECF No. 13) and Motion to Strike (ECF No. 16). Accordingly, the Court should TERMINATE AS MOOT Clayton's Motion for Hearing to Enter Default Judgment (ECF No. 19).

**SO RECOMMENDED.**

December 17, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).