IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUETTA L. CLAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00269-G-BT |
| | § | |
| AMAZON.COM SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff JacQuetta Clayton brings this action under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 10–11, seeking to vacate or modify an arbitration award that she take nothing on her negligence claims against her former employer, Defendant Amazon.com Services LLC. Amazon has moved to dismiss the case, arguing that this Court does not have subject-matter jurisdiction to consider Clayton's request.

After reviewing the parties' filings and applicable law, the undersigned concludes that the Court lacks jurisdiction over this action and that Clayton cannot cure this defect by amendment. Accordingly, the District Judge should **GRANT** Amazon's motion to dismiss (ECF No. 24), **DENY** Clayton's motion for leave to amend (ECF No. 27), and **DISMISS** this action without prejudice.

## *Background*

Clayton worked for Amazon as a Fulfillment Associate at a warehouse in Dallas, Texas, from October 2020 to September 2022. *See* Compl. at 36 (ECF No. 3). In June 2021, while working for Amazon, Clayton allegedly suffered injuries to her hand, wrist, and abdomen due to unsafe working conditions, inadequate supervision, and Amazon's failure to enforce safety procedures. *Id.* at 35–36.

In April 2023, Clayton filed a lawsuit against Amazon in Texas state court. *Id.* at 36. The parties agreed that Clayton's claims were subject to arbitration under an arbitration agreement. *Id.* Accordingly, the state court entered an agreed order referring the dispute to arbitration through the American Arbitration Association.[1] *Id.* at 36–37.

Following an arbitration hearing in November 2024, the arbitrator determined that Clayton had not proven that Amazon breached a legal duty owed to her or that any alleged breach caused her claimed injuries. *See id.* at 34, 37–39. In reaching that decision, the arbitrator considered evidence regarding the cause of Clayton's injuries. *See id.* at 37–39. The arbitrator found that the evidence concerning when and how Clayton's injuries occurred was inconsistent and did not sufficiently establish that Amazon's conduct caused the injuries. *Id.* at 38–39. Among other evidence, the arbitrator considered a medical record stating that Clayton reported her pain began after a motor vehicle accident in June 2021. *Id.* at

[1] Clayton was represented by counsel in the state lawsuit and during the arbitration proceedings. *See* Compl. at 33 (ECF No. 3).

38. The arbitrator also considered medical testimony that Clayton's hand and wrist conditions were degenerative and were not caused by her work activities at Amazon or by a single traumatic event. *Id.* at 38–39.

On December 5, 2024, the arbitrator issued a final award determining that Clayton take nothing on her claims against Amazon and ordering each party to bear its own expenses. *See id.* at 33–40. Clayton sought review of the arbitration award pursuant to the arbitration procedures. *See id.* at 41–59.

Thereafter, Clayton filed this federal action seeking to vacate or modify the arbitration award. Clayton alleges that the arbitration award should be vacated because of "evident partiality," procedural misconduct, and Amazon's failure to follow required arbitration procedures. *Id.* at 3–5. Specifically, Clayton challenges the arbitrator's findings regarding the cause of her injuries. *Id.* at 3. She argues that the arbitrator incorrectly relied on information regarding events that she contends did not occur, including a motor vehicle accident and a fall. *Id.* at 10. Clayton asserts that these alleged errors justify relief under Section 11 of the FAA. *Id.*

Clayton also argues that the arbitrator demonstrated evident partiality by failing to investigate her claims, failing to properly evaluate evidence concerning the alleged motor vehicle accident, and failing to address what she contends were improper actions by Amazon. *Id.* at 4–5, 10–11. Clayton contends that these circumstances require vacatur under Section 10 of the FAA. *Id.* at 11.

In addition, Clayton alleges that Amazon's conduct created unsafe working conditions and that Amazon failed to comply with the arbitration agreement. *Id.* at 10–12. Clayton requests that the Court vacate the arbitration award, award damages exceeding $1 million, and determine that Amazon's failure to respond during the arbitration process prevented completion of the arbitration. *Id.* at 13–14. Alternatively, Clayton requests that the matter be returned to the American Arbitration Association for additional proceedings before a different arbitrator. *Id.* at 13.

***Amazon's Motion***

Amazon moves to dismiss this action, arguing that Clayton has not identified a valid basis for this Court's jurisdiction. *See generally* Mot. (ECF No. 24). Amazon contends that the FAA does not itself provide federal jurisdiction and that Clayton has not established another basis for this Court to hear her request. Def.'s Br. at 4 (ECF No. 25).

In response, Clayton argues that diversity jurisdiction exists because she is a Texas citizen, Amazon is not a Texas citizen, and because the amount in controversy exceeds $75,000. Resp. at 2–3 (ECF No. 28). Clayton also requests permission to amend her complaint to add specific jurisdictional allegations. *Id.* at 3.

Amazon argues in its Reply that Clayton's position is incorrect because the Supreme Court has held that courts may not examine the underlying dispute to determine jurisdiction over a petition seeking to confirm, modify, or vacate an

arbitration award. *See* Reply at 2 (ECF No.29) (citing *Badgerow v. Walters*, 596 U.S. 1 (2022)).

***Legal Standard and Analysis***

The FAA permits a party to an arbitration agreement to seek judicial assistance, including confirmation, modification, or vacatur of an arbitration award. *See* 9 U.S.C. §§ 9–11. The Act, however, does not itself confer federal subject-matter jurisdiction. *Badgerow v. Walters*, 596 U.S. 1, 4, 8 (2022). Rather, a federal court must have an independent basis for jurisdiction, such as federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332, before it may consider a petition arising under the FAA. *Id.* at 8–9; *see also Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749, 755 (5th Cir. 2024) ("[W]hen a party applies to a district court to confirm, modify, or vacate an arbitral award, it must establish on the face of the application a basis for subject matter jurisdiction separate and apart from the FAA."). In determining whether jurisdiction exists, the Court may not "look through" the petition to the underlying dispute or the arbitration proceedings. *Ascension Data & Analytics, L.L.C.*, 105 F.4th at 753. Rather, the jurisdictional basis must appear on the face of the petition itself. *Id.*

Clayton contends that diversity jurisdiction exists. Resp. at 2–3 (ECF No. 28). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As the party invoking federal jurisdiction, Clayton bears the

burden of establishing that these requirements are satisfied. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

The amount in controversy is determined by the value of the right to be protected or the injury to be prevented. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998). Here, Clayton seeks to vacate an arbitration award that dismissed her negligence claims against Amazon and awarded her no monetary relief. Compl. at 39 (ECF No. 3). Because the award granted Clayton no monetary recovery, the petition does not place more than $75,000 in controversy.

On its face, a petition seeking vacatur of a zero-dollar arbitration award does not satisfy the amount-in-controversy requirement. Under *Badgerow*, the Court cannot look through Clayton's complaint to the underlying negligence claims or the amount allegedly sought in arbitration to establish jurisdiction. *See Badgerow*, 596 U.S. at 5–6, 9. This conclusion is consistent with decisions by other judges in this district and circuit. *See Leyb v. Tinder LLC*, 2026 WL 280181, at *2 (N.D. Tex. Feb. 3, 2026) (Kinkeade, J.) (*sua sponte* dismissing without prejudice for lack of subject matter jurisdiction petition to vacate arbitration decision that dismissed petitioner's tort claims and awarded no monetary relief); *Pasulo v. Wells Fargo Bank, N.A.*, 2026 WL 1998869, at *1 (S.D. Miss. July 10, 2026) (same); *Shah v. Agarwal*, 2025 WL 2256510, at *2 (N.D. Tex. Aug. 7, 2025) (Lindsay, J.) (*sua sponte* dismissing without prejudice for lack of subject matter jurisdiction petition to confirm arbitration award of $50,000 in attorney's fees and order confirming

rights and duties of parties); *see also Wells Fargo Bank, N.A. v. Dill*, 2025 WL 3711860, at *1 (N.D. Tex. Nov. 24, 2025) (McKay, J.) (recommending dismissal without prejudice for lack of subject matter jurisdiction because 9 U.S.C. §§ 9–11 do not themselves support jurisdiction), *adopted by* 2025 WL 3709960 (N.D. Tex. Dec. 22, 2025) (Scholer, J.).

The FAA does not confer subject-matter jurisdiction, and Clayton has not established an independent basis for this Court's jurisdiction. Accordingly, the Court must dismiss Clayton's complaint for lack of jurisdiction.

***Leave to Amend***

Clayton seeks leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2) to specifically allege diversity jurisdiction exists under 28 U.S.C. § 1332, including an allegation that the amount-in-controversy requirement is satisfied because she sought damages totaling $1,045,712.84 "in the underlying arbitration." Pl.'s Mot. at 4 (ECF No. 27).

Rule 15(a) requires that courts freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic" and is "entrusted to the sound discretion of the district court." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* at 994 (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Here, Clayton's proposed amendment would be futile. Her proposed allegation regarding the amount in controversy asks the Court to look through her complaint to the underlying litigation. But, as explained above, that is prohibited. Nor would the proposed amendment establish the requisite amount in controversy by referencing the damages sought in arbitration. In an action under §§ 10 or 11 of the FAA, the Court's authority is limited to the relief authorized by the statute, including vacatur, modification, or, where appropriate, directing a rehearing before the arbitrator. *See Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 353 (5th Cir. 2009) (holding that "§§ 10 and 11 provide the exclusive regimes for review under the FAA"); *see also DynaColor, Inc. v. Razberi Techs., Inc.*, 2019 WL 13193954, at *2 (N.D. Tex. Apr. 2, 2019) (Boyle, J.) ("The [FAA] directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected as provided for in §§ 10 and 11[.]"). The Court may not adjudicate the merits of Clayton's underlying negligence claims or award the damages she sought in arbitration. *See Leyb*, 2026 WL 280181, at *1 ("On a petition to vacate, affirm, or modify, the Supreme Court emphasized that the issue before the court is the enforceability of the arbitration award, not the underlying issues in the arbitration.").

Because the proposed amendment would not cure the jurisdictional deficiency, granting leave to amend would be futile. *See Mintex, Inc. v. Prof. Acc. Mgmt., LLC*, 2023 WL 7283924, at *2 (N.D. Tex. Nov. 2, 2023) (Boyle, J.) (denying leave to amend as futile because the court lacked subject matter jurisdiction). The motion for leave should therefore be denied.

***Recommendation***

For the foregoing reasons, the undersigned recommends that the District Judge **GRANT** Amazon's motion to dismiss (ECF No. 24), **DENY** Clayton's motion for leave to amend (ECF No. 27), and **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED.**

August 11, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).